

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
(212) 489-8230 tel
(212) 489-8340 fax

lizmcnamara@dwt.com

April 5, 2021

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Re:   *Hachette Book Group, Inc. et al. v. Internet Archive et al.*,
      1:20-CV-04160-JGK (S.D.N.Y)

Dear Judge Koeltl:

    Pursuant to Individual Rule 1.E. of this Court, we respectfully submit this letter motion on behalf of all parties in the above-captioned action to request an extension of certain dates set forth in the Scheduling Order dated September 1, 2020 and the Joint Stipulation and Order Setting Discovery Deadlines dated October 8, 2020. *See* Dkts. 36, 40 (collectively, the "Scheduling Orders").  The Scheduling Orders currently impose the following pertinent deadlines:

| | |
|---|---|
| Deadline to complete fact discovery | May 21, 2021 |
| Deadline to complete expert disclosures on issues where parties bear burden of proof | July 6, 2021 |
| Deadline to serve rebuttal expert disclosures | August 20, 2021 |
| Deadline to complete all discovery | September 20, 2021 |
| Dispositive motions | October 8, 2021 |

The parties are in the midst of discovery and have exchanged tens of thousands of pages of documents already – but additional time is required to complete this process and the parties agree that good cause exists to extend discovery deadlines.  This action involves plaintiffs' allegations of copyright infringement of 127 representative works and defendant's fair use and other

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. John G. Koeltl
April 5, 2021
Page 2

affirmative defenses.  Good cause exists for extending the time to take discovery on these issues.  The parties have devoted a significant amount of time to identifying custodians, collecting documents and negotiating extensive search terms that will ultimately require them to collectively review hundreds of thousands of documents.  Despite diligent and continuing efforts to advance discovery, which have been complicated further by COVID-19 restrictions, the parties acknowledge that document review and production will take more time than initially anticipated.

In addition, the parties hope that the requested extension will make it possible to depose major witnesses in person.  As the Court is no doubt aware, current COVID-19 restrictions make it difficult (if not impossible) for plaintiffs' counsel based in New York to depose defendant's witnesses located in San Francisco, and *vice versa*, before the current May 21 deadline for fact discovery.  But with the roll out of vaccines and hopefully upcoming declining rates of infection, the parties are optimistic that the proposed extension of fact discovery into the early fall – and an equivalent extension of deadlines for expert discovery – will obviate the need to take critical depositions remotely, with all the limitations and inefficiencies that virtual depositions entail.

Finally, the parties anticipate that one or more dispositive motions will be filed in this action after the close of discovery.  The parties are cognizant of Individual Rule II.B. requiring a pre-motion conference before summary judgment is filed, but believe that it would serve the interests of efficiency to establish an agreed briefing schedule for summary judgment at this juncture to avoid burdening the Court with pre-motion conference letters as deadlines approach.  The parties remain ready and willing to convene for a pre-motion conference regarding summary judgment motions if the Court wishes to hold one, and would propose the week of January 24, 2022 for such a conference.

For these reasons, the parties respectfully request an extension of the deadlines set forth above and an order imposing the following schedule, which is reproduced in the Revised Scheduling Order annexed hereto:

| | |
|---|---|
| Deadline to complete document productions | Friday, June 18, 2021 |
| Deadline to exchange privilege logs | Wednesday, June 30, 2021 |
| Deadline to complete fact depositions (close of fact discovery) | Friday, September 24, 2021 |
| Deadline to complete expert reports: issues on which each party bears the burden of proof | Friday, October 29, 2021 |

Hon. John G. Koeltl
April 5, 2021
Page 3

| | |
|---|---|
| Deadline to serve rebuttal expert reports: issues on which each party does not bear the burden of proof, but not limited to responding to the opening reports. Any response to the opening reports must be contained in the rebuttal reports, however. | Friday, December 10, 2021 |
| Deadline to serve reply reports. Reply reports are limited to responding to the rebuttal reports. | Monday, January 10, 2022 |
| End of all discovery | Friday, January 21, 2022 |
| Deadline for dispositive motions[1] | Tuesday, February 22, 2022 |
| Briefs in opposition to dispositive motions due | Thursday, March 31, 2022 |
| Reply briefs in further support of dispositive motions due | Friday, April 22, 2022 |

The parties have not sought or received any previous extensions to the dates set forth above and all parties consent to entry of the Revised Scheduling Order. Counsel for defendant Internet Archive has consented to this request for the proposed extension. Thank you for your consideration of this request.

        Best regards,

        /s/ Elizabeth A. McNamara

        Elizabeth A. McNamara

cc:    Counsel of Record (via ECF)

---

[1] The parties note that the September 8, 2020 Scheduling Order provides that dates for submitting the Joint Pretrial Order (together with Memoranda of Law, Requests to Charge, Proposed Voir Dire, Proposed Findings of Fact and Conclusions of Law, as appropriate) shall be three (3) weeks from the decision on the dispositive motion. The ready trial date shall be adjourned to a date four (4) weeks after the decision on the dispositive motion. The parties will continue to abide by these dates unless and until otherwise ordered, but note that it will likely be necessary for the parties to request an additional adjournment to allow sufficient time to prepare for trial (assuming this case is not disposed on summary judgment).