# McNamara Declaration
# Exhibit 25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC<br><br>     Plaintiffs,<br><br> v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive<br><br>     Defendants. | Case No. 1:20-CV-04160-JGK |

**DEFENDANT INTERNET ARCHIVE'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Internet Archive, by its undersigned legal counsel and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26 of the United States District Court for the Southern District of New York, hereby provides the following Objections and Responses to the First Set of Requests for Admission ("Requests") propounded by Plaintiffs Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers LLC ("HarperCollins"), John Wiley & Sons, Inc. ("Wiley"), and Penguin Random House LLC ("PRH") (collectively, "Plaintiffs") on May 25, 2021.

## GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The Internet Archive makes the following objections to Plaintiffs' instructions and definitions:

1. The Internet Archive objects to the definitions contained in Plaintiffs' Requests that violate Local Rule 26.3, including without limitation the definitions of "Plaintiffs" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party, such as "You."

2. The fact that the Internet Archive has responded to part or all of a Request is not intended to and shall not be construed as a waiver by the Internet Archive of any objection to such Request.

3. The Internet Archive objects to the preface, instructions, and definitions to this set of Requests to the extent that they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, Judge Koeltl's standing orders, and applicable case law. In responding to these Requests, the Internet Archive has followed the applicable law and has ignored the improper preface, instructions, and definitions.

4. The Internet Archive further objects to each and every Request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. The Internet Archive will not provide such documents, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or other protections that may attach thereto with respect to such information or documents.

5. In responding to these Requests, the Internet Archive does not concede the relevancy or materiality of any Request or of the subject to which any Request refers. The Internet Archive's responses to these Requests are made expressly subject to and without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the responses given.

6. The Internet Archive has not yet completed its investigation of the facts relating to this case. Indeed, Plaintiffs seek information that depends on (among other things) fact discovery, expert discovery, third-party discovery, and legal analysis and conclusions. Any and all responses to the following Requests are therefore based solely on information presently known to the Internet Archive, or in its possession, custody, or control. The Internet Archive reserves its right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts, documents, or information.

7. The Internet Archive hereby incorporates by reference each and every objection to definitions or instructions set forth herein into each and every specific response set forth below, whether or not separately set forth therein. A specific response may repeat an objection for emphasis or for some other reason. Failure to include any objection in any specific response is not a waiver of any objection to that response.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

For each of the Works, Admit that You added to Open Library one or more digital copies of the physical book.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers listed in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "added," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive made available one or more digital versions of physical books embodying the Works through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

3

**REQUEST FOR ADMISSION NO. 2:**

For each of the Works, Admit that Users accessed from Open Library one or more digital copies of the physical book that You added to Open Library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "accessed," "added," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that one or more logged-in patrons accessed one or more digital versions of physical books embodying the Works that the Internet Archive made available through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 3:**

For each of the Works, Admit that You provided Users with one or more digital copies of the physical book that you added to Open Library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "provided," "added," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive provided one or more logged-in patrons with one or more digital versions of physical books embodying the Works the Internet Archive made available through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 4:**

For each of the Works, Admit that You made one or more digital copies of the physical book.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "made," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive digitally scanned physical books embodying the Works. The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 5:**

For each of the Works, Admit that You made one or more digital copies of the physical book and added such copy or copies to Open Library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound.  The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1).  The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit.  Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1).  The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "made," "added," "digital copies," and "physical book."  Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs.  Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive.  And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive made available one or more digital versions of physical books embodying the Works through the lending functions of archive.org.  The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 6:**

For each of the Works, Admit that You made one or more digital copies of the physical book and added such copy or copies to Open Library for Users to access.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "made," "added," "access," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive made available to one or more patrons with registered log-in credentials, one or more digital versions of physical books embodying the Works through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 7:**

For each of the Works, Admit that Users accessed from Open Library one or more digital copies of the physical book that You made and added to Open Library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "accessed," "made," "added," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that one or more logged-in patrons accessed one or more digital versions of physical books embodying the Works through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 8:**

For each of the Works, Admit that You provided Users with one or more digital copies of the physical book that You made and added to Open Library.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to its General Objections, the Internet Archive objects to this Request, which asks for admissions related to "each of the Works," as compound. The Request seeks information involving 127 distinct sets of facts required to address 127 separate works-in-suit, as identified in Exhibit A of the Complaint (Dkt. No. 1). The Internet Archive further objects to the Request to the extent it calls for the Internet Archive to make legal conclusions regarding the validity of any copyright registrations in the works-in-suit. Hence, the Internet Archive's response to this Request should not be interpreted as an admission concerning any of the purported copyright registration numbers in Exhibit A to the Complaint (Dkt. No. 1-1). The Internet Archive also objects to this Request as vague and ambiguous, specifically with regard to the terms "provided," "made," "added," "digital copies," and "physical book." Moreover, the Request is incomprehensible because the term "Open Library" is nonsensical as defined by Plaintiffs. Plaintiffs define "Open Library" in a manner that is contrary to how the term is used or understood by the Internet Archive. And the Internet Archive objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Without waiving the foregoing objections, the Internet Archive admits that the Internet Archive provided one or more logged-in patrons with one or more digital versions of physical books embodying the Works through the lending functions of archive.org. The Internet Archive otherwise denies the Request.

Dated:  June 24, 2021                                    DURIE TANGRI LLP

                                                         By: */s/ Joseph C. Gratz*
                                                         JOSEPH C. GRATZ (*Pro Hac Vice*)
                                                         JESSICA E. LANIER (*Pro Hac Vice*)
                                                         ADITYA V. KAMDAR (*Pro Hac Vice*)
                                                         217 Leidesdorff Street
                                                         San Francisco, CA 94111
                                                         (415) 362-6666
                                                         jgratz@durietangri.com
                                                         jlanier@durietangri.com
                                                         akamdar@durietangri.com

                                                         ALLYSON R. BENNETT (*Pro Hac Vice*)
                                                         MOON HEE LEE (*Pro Hac Vice*)
                                                         953 East 3rd Street
                                                         Los Angeles, CA 90013
                                                         (213) 992-4499
                                                         abennett@durietangri.com
                                                         mlee@durietangri.com

                                                         ELECTRONIC FRONTIER FOUNDATION
                                                         CORYNNE MCSHERRY (*Pro Hac Vice*)
                                                         KIT WALSH (*Pro Hac Vice*)
                                                         CARA GAGLIANO (*Pro Hac Vice*)
                                                         815 Eddy Street
                                                         San Francisco, CA 94109
                                                         (415) 436-9333
                                                         corynne@eff.org
                                                         kit@eff.org
                                                         cara@eff.org

                                                         Attorneys for Defendant
                                                         INTERNET ARCHIVE

## PROOF OF SERVICE

I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 217 Leidesdorff Street, San Francisco, CA 94111.

On June 24, 2021, I served the following documents in the manner described below:

**DEFENDANT INTERNET ARCHIVE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

   BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from jposada@durietangri.com to the email addresses set forth below.

On the following part(ies) in this action:

>Elizabeth A. McNamara
>Linda Steinman
>John M. Browning
>Jesse Feitel
>DAVIS WRIGHT TREMAINE LLP
>1251 Avenue of the Americas, 21st Floor
>New York, NY 10020
>lizmcnamara@dwt.com
>lindasteinman@dwt.com
>jackbrowning@dwt.com
>jessefeitel@dwt.com
>
>Attorneys for Plaintiffs
>HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC
>
>Mathew J. Oppenheim
>Scott A. Zebrak (pro hac vice)
>OPPENHEIM + ZEBRAK, LLP
>4530 Wisconsin Avenue, NW, 5th Floor
>Washington, DC 20016
>matt@oandzlaw.com
>scott@oandzlaw.com
>
>Attorneys for Plaintiffs
>HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 24, 2021, at San Francisco, California.

_____
Jennifer Posada