# McNamara Declaration Exhibit 183

| | |
|---|---|
| From: | Dye, Skip on behalf of Dye, Skip <███@penguinrandomhouse.com> |
| To: | Shodin, Stephen |
| Sent: | 4/9/2020 2:42:07 PM |
| Subject: | did you see this…. |

### Influential Senator Tells Internet Archive They Are Acting Outside of the Law

Reaffirming that no serious or informed person believes the Internet Archive's self-proclaimed "National Emergency Library" is legal, the chair of the Senate Judiciary Committee's subcommittee on intellectual property, Senator Thom Tillis of North Carolina, sent a letter to IA founder Brewster Kahle.

"I am not aware of any measure under copyright law that permits a user of copyrighted works to unilaterally create an emergency act," Tillis writes. "Indeed, I am deeply concerned that your 'Library' is operating outside of the boundaries of the copyright law that Congress has enacted and alone has jurisdiction to amend." Tillis notes, "I deeply value access to copyright works, but that access must be provided within the bounds of the law--even during a national emergency."

Needless to say, the Federal Courts have consistently endorsed the same position. As Judge Denny Chin reminded us when he rejected the Google Book Settlement in 2011 (a scheme which the Internet Archive objected to), "the Supreme Court has held that 'it is generally for Congress, not the courts, to decide how best to pursue the Copyright Clause's objectives." [*Eldred v. Ashcroft*, 2003] Similarly, in *Sony v. Universal City Studios*, 1984, the Supreme Court reaffirmed it is "Congress that has been assigned the task of defining the scope of the limited monopoly that should be granted to authors or to inventors in order to give the public appropriate access to their work product." The Court also said in that ruling, "Repeatedly, as new developments have occurred in this country, it has been the Congress that has fashioned new rules that new technology made necessary."

And the Copyright Act itself speaks to the Internet Archive's current mischief as well: "When an individual author's ownership of a copyright, or any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under the copyright, shall be given effect under this title, except as provided under title 11."

Meanwhile, for an example of what a more appropriate "emergency" library provision looks like, have a look at the "emergency temporary access" service from the **HathiTrust**. It carries many limitations, starting with only "students, faculty, and staff as designated by the affected institution. Most particularly, it maintains access ratios in proportion to the number of physical copies already owned by a given library that are temporarily inaccessible: "Access to items is 1-1; 1 copy on the member library shelf, 1 individual access to the digital copy; 2 copies, 2 concurrent users of the digital item."

## Skip Dye
SVP, Library Sales and Digital Strategy
SVP, Sales Operations
**Penguin Random House**
1745 Broadway
NY, NY 10019
███