IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC,<br><br>        Plaintiffs,<br>v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive,<br><br>        Defendants. | Case No. 1:20-CV-04160-JGK |

**MOTION FOR LEAVE TO FILE**
***AMICUS CURIAE* BRIEF AND**
**MEMORANDUM OF**
**LAW IN SUPPORT THEREOF**
**[Proposed Order Lodged**
**Concurrently Herewith]**

  The *amici* intellectual property law professors listed in the Appendix to the proposed *amicus curiae* brief attached to this motion respectfully request leave to file the brief in support of defendants' motion for summary judgment.[1]

**INTEREST OF *AMICI CURIAE***

  *Amici* are professors at law schools across the country with expertise in intellectual property law and the First Amendment. *Amici* have no personal interest in the outcome of this case. They share a professional interest in seeing copyright and other intellectual property law develop in a way that serves the broader public interest and that protects vital principles of freedom of expression.

---

[1] *Amici* state, as contemplated by the analogous Fed. R. App. P. Rule 29(a)(4)(D), that no party or party's counsel authored this brief in whole or in part, or contributed money that was intended to fund preparing or submitting this brief. No person other than *amici* or their counsel contributed money that was intended to fund preparing or submitting this brief.

*Amici* have written and taught extensively on topics in copyright and other intellectual property law and on the intersection of that law with the First Amendment. Because of their experience with the issues raised by this case, *amici* are uniquely positioned to provide the Court with a deeper and thoroughly reasoned perspective—one that reflects the broader public interest beyond the interests of the parties in this case—on how copyright's fair use doctrine can protect the interests in access and freedom of speech that underlie both copyright and the First Amendment.

## ARGUMENT

"District courts have broad discretion to permit or deny the appearance of *amici* curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (citations omitted). "The court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, No. 03-cv-6115 (DRH)(ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citation omitted).

The proposed *amici* brief is useful. It will assist the Court in addressing defendants' motion for summary judgment because *amici* offer independent expertise and fresh perspective on the legal and policy issues raised by this case. *Amici* collectively have published numerous scholarly articles about copyright, fair use, and the First Amendment. In their proposed brief, *amici* elaborate on the relationship between noncommerciality, the First Amendment, and copyright law.

The proposed brief is timely and will not cause any delay.  Defendants consent to its filing and plaintiffs do not object. The proposed brief is being submitted to the court within time period provided by the analogous provision of the Fed. R. App. P., Rule 29(a)(6) (within seven

days after filing of the brief of the party being supported) and it has 3533 words, according to Microsoft Word, less than half the length of the main briefs. Defendants have advised that they consent to the filing of this brief; plaintiffs have advised that they do not object.

For the foregoing reasons, *amici* request that the Court grant leave to file the proposed *amici curiae* brief, attached hereto as Exhibit B.

                                         */s/*   Rebecca Tushnet

                                         Rebecca Tushnet
                                         rtushnet@law.harvard.edu
                                         520 Hauser, Harvard Law School
                                         1575 Massachusetts Avenue
                                         Cambridge, MA 02130
                                         Telephone: 703-593-6759

                                         *Attorney for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I caused the foregoing **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF** to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

*/s/*   Rebecca Tushnet

Rebecca Tushnet
rtushnet@law.harvard.edu
520 Hauser, Harvard Law School
1575 Massachusetts Avenue
Cambridge, MA 02130
Telephone: 703-593-6759

*Attorney for Amici Curiae*