IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC,<br><br>                              Plaintiffs,<br><br>   v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive,<br><br>                              Defendants. | Case No. 1:20-CV-04160-JGK |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF INTERNET ARCHIVE**

Authors Alliance respectfully moves this Court for leave to file the accompanying brief as *amicus curiae*. Defendant Internet Archive has consented to the filing of this brief. Plaintiffs Hachette et al. have opposed Authors Alliance's request for consent to file.

"District Courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, No. 11-cv-6746-RJH, 2011 U.S.

1

Dist. LEXIS 135391 *2 (S.D.N.Y. Nov. 22, 2011) (quotations omitted). "The court is most likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 U.S. Dist. LEXIS 59108, at *7 (E.D.N.Y. Aug. 13, 2007). Courts in this district have often permitted the filing of amicus briefs relevant to their consideration of issues presented by the cases before them. *See, e.g., In re Lehman Bros. Holdings Inc. v. Intel Corp.*, No. 08-13555, 2015 WL 7194609, at *4 (S.D.N.Y. Sept. 16, 2015); *C & A Carbone, Inc. v. Cty. of Rockland, N.Y.*, No. 08 Civ. 6459, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014); *United States v. Apple, Inc.*, No. 12 Civ. 2826, 2012 WL 3195653, at *2 (S.D.N.Y. Aug. 6, 2012).

Authors Alliance has an interest in this case because our members are authors who rely heavily on libraries like the Internet Archive, both to make their own works available to readers and to access other literary works for the research necessary to create new works of authorship. Authors Alliance has substantial experience and expertise on matters of copyright policy, having engaged with Congress, the Copyright Office, and various courts to advocate for the interests of our members. Authors Alliance also has a suite of guides designed to help authors understand the legal aspects of authorship, and regularly work to educate authors about the bounds of fair use, permissions clearance, and emerging issues in copyright law.

Authors Alliance is a 501(c)(3) nonprofit founded in 2014 and based in Berkeley, California that works to advance the interests of authors who want to serve the public good by sharing their creations broadly. Authors Alliance has more than 2,300 members, which include academic authors, nonfiction authors, and other authors who share our vision for information policy. To effectuate our mission, we conduct advocacy work in copyright and related legal fields as well as creating and promoting educational materials for authors. A negative ruling in

this case on the legality of CDL would severely restrict the reach and impact of our work, and could do harm to our author-members who rely on CDL to reach readers, see their works be preserved, and conduct research.

Amicus submits this brief to urge the court to uphold Controlled Digital Lending ("CDL"). In their filings, the plaintiffs refer repeatedly to how they believe Internet Archive's CDL activities affect authors. This includes, among other things, a lengthy declaration by author Susan Cisneros regarding her experience as an author and her perspective on how Internet Archive's lending activity affects her. Declaration of Susan Cisneros in Support of Plaintiffs' Motion for Summary Judgment , ECF No. 89. Authors Alliance and its members have a very different perspective. We believe for the reasons outlined in the brief we request to submit as amicus curiae, that the Internet Archive's CDL program and others like it serve the interests of many authors. Authors are not a monolith, and while some may share plaintiffs' views on CDL, others support it strongly. Authors Alliance conducted a survey of our members and other authors to solicit feedback on CDL, and based our brief on the responses received.

CDL is consistent with the aims of the Copyright Act and principles of fair use for at least four reasons. First, CDL maintains the traditional balance of interests in copyright, ensuring that incentives to create are preserved while enabling fair uses of literary works. Second, CDL enables broad availability of literary works, helping authors achieve their goal of reaching diverse groups of readers and seeing their works have an impact on public discourse. Third, CDL enables the preservation of works that might otherwise disappear into obscurity: once books are no longer available commercially, the knowledge they advance could be lost without CDL's preservation function. Fourth, CDL serves as a powerful research tool for authors engaged in creating new works of authorship, enabling them to access research sources they could not

otherwise reach in a usable format. In these ways, CDL serves the interests of many authors and as such, authors have voiced support for the practice.

## CONCLUSION

For all reasons, and those set forth more fully in the proposed amicus brief, *Amicus* requests that the Court grant its leave to file its brief.

Dated: July 14, 2022                                                        Respectfully submitted,

*[signature]*

Rachel Brooke Leswing*
Authors Alliance
2705 Webster St., #5805
Berkeley, CA
*Counsel for amicus curiae*

*application for admission *pro hac vice* pending

4