UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HACHETTE BOOK GROUP, INC.,
HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY
SONS, INC., and PENGUIN RANDOM HOUSE LLC,

          Plaintiffs,

-against-

INTERNET ARCHIVE and DOES 1 through 5,
inclusive,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 1:20-cv-04160-JGK

# MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF 17 COPYRIGHT SCHOLARS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Amici Copyright Scholars respectfully move for leave to file the accompanying amici curiae brief in support of Defendant Internet Archive's Motion for Summary Judgement. Internet Archive consents to the filing of the brief. Counsel for Plaintiffs have not consented to amici's request to file the brief.

District courts have broad discretion to permit the filing of an amicus brief. *In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Auto. Club of N.Y. Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746, 2011 WL 5865296, at *1–2 (S.D.N.Y. Nov. 22, 2011); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y.), aff'd 980 F.2d 161 (2d Cir. 1992). "An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the party are able to provide." *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp.

2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted)).

Courts in this district frequently permit amicus briefs to be filed when the briefs are relevant to issues presented by the cases before them. *See, e.g.*, In re *Lehman Bros. Holdings Inc. v. Intel Corp.,* No. 08-13555, 2015 WL 7194609, at *4 (S.D.N.Y. Sept. 16, 2015); *C & A Carbone, Inc. v. Cty. of Rockland, N.Y.*, No. 08 Civ. 6459, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014); *United States v. Apple, Inc.*, No. 12 Civ. 2826, 2012 WL 3195653, at *2 (S.D.N.Y. Aug. 6, 2012).

Amici are leading copyright scholars and have particular expertise in the history, doctrine, and application of both common law copyright exhaustion (the principle behind the First Sale Doctrine) and copyright's fair use doctrine. Amici seek to brief the Court on a central question raised by this case: namely, how should the history, caselaw, and Congressional implementation of copyright exhaustion and First Sale impact the fair use analysis for digital library lending. This question has significant implications for all libraries, archives, museums, and other cultural institutions who seek to help the public access information in the digital age. It also speaks to whether copyright exhaustion and first sale will continue to survive in digital environments. Amici write to provide the history of copyright exhaustion and First Sale in the context of library lending and to urge this Court to protect digital library lending as an important social benefit and as part of the balance the Courts and Congress have struck within copyright law for over a century.

Amici respectfully request leave from this Court to file the accompanying brief addressing a core copyright question raised in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 14, 2022 | /s/ Jason Schultz<br>Jason M. Schultz<br>*Counsel for Amici Curiae*<br>NYU Technology Law & Policy Clinic<br>NYU School of Law<br>245 Sullivan St. #609<br>New York, NY 10012<br>(212) 992-7365<br>jason.schultz@exchange.law.nyu.edu |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, this document was filed through the Court's Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 14, 2022

/s/ Jason M. Schultz_____

Jason M. Schultz