**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HACHETTE BOOK GROUP, INC.,                     :
HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY       :
SONS, INC., and PENGUIN RANDOM HOUSE LLC,      :        Case No. 1:20-cv-04160-JGK
                                               :
            Plaintiffs,                        :
                                               :
-against-                                      :        APPLICATION GRANTED
                                               :        SO ORDERED
INTERNET ARCHIVE and DOES 1 through 5,         :
inclusive,                                     :
                                               :
            Defendants.                        :        John G. Koeltl, U.S.D.J.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                                           7/15/22

**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF 17 COPYRIGHT**
**SCHOLARS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT**

Amici Copyright Scholars respectfully move for leave to file the accompanying amici

curiae brief in support of Defendant Internet Archive's Motion for Summary Judgement. Internet

Archive consents to the filing of the brief. Counsel for Plaintiffs have not consented to amici's

request to file the brief.

District courts have broad discretion to permit the filing of an amicus brief. *In re GLG*

*Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Auto. Club of N.Y. Inc. v.*

*Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746, 2011 WL 5865296, at *1–2 (S.D.N.Y. Nov. 22,

2011); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y.), *aff'd* 980 F.2d 161 (2d Cir.

1992). "An *amicus* brief should normally be allowed . . . when the *amicus* has unique

information or perspective that can help the court beyond the help that the lawyers for the party

are able to provide." *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp.

2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d

1062, 1063 (7th Cir. 1997) (citations omitted)).

Courts in this district frequently permit amicus briefs to be filed when the briefs are

relevant to issues presented by the cases before them. *See, e.g.*, In re *Lehman Bros. Holdings Inc.*

*v. Intel Corp.*, No. 08-13555, 2015 WL 7194609, at *4 (S.D.N.Y. Sept. 16, 2015); *C & A*

*Carbone, Inc. v. Cty. of Rockland, N.Y.*, No. 08 Civ. 6459, 2014 WL 1202699, at *4 (S.D.N.Y.

Mar. 24, 2014); *United States v. Apple, Inc.*, No. 12 Civ. 2826, 2012 WL 3195653, at *2

(S.D.N.Y. Aug. 6, 2012).

Amici are leading copyright scholars and have particular expertise in the history,

doctrine, and application of both common law copyright exhaustion (the principle behind the

First Sale Doctrine) and copyright's fair use doctrine. Amici seek to brief the Court on a central

question raised by this case: namely, how should the history, caselaw, and Congressional

implementation of copyright exhaustion and First Sale impact the fair use analysis for digital

library lending. This question has significant implications for all libraries, archives, museums,

and other cultural institutions who seek to help the public access information in the digital age. It

also speaks to whether copyright exhaustion and first sale will continue to survive in digital

environments. Amici write to provide the history of copyright exhaustion and First Sale in the

context of library lending and to urge this Court to protect digital library lending as an important

social benefit and as part of the balance the Courts and Congress have struck within copyright

law for over a century.

Amici respectfully request leave from this Court to file the accompanying brief

addressing a core copyright question raised in this case.

Respectfully submitted,

Dated: July 14, 2022

/s/ Jason Schultz
Jason M. Schultz
*Counsel for Amici Curiae*
NYU Technology Law & Policy Clinic
NYU School of Law
245 Sullivan St. #609
New York, NY 10012
(212) 992-7365
jason.schultz@exchange.law.nyu.edu