UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNET ARCHIVE and DOES 1 through 5, inclusive, <br><br> Defendants. | Case No. 1:20-CV-04160-JGK <br><br><br> APPLICATION GRANTED <br> SO ORDERED <br> [signature] <br> John G. Koeltl, U.S.D.J. <br> 7/15/22 |

## MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF THE INTERNET ARCHIVE

Library Futures Institute, EveryLibrary Institute, and ReadersFirst respectfully move this Court for leave to file the accompanying amici curiae brief in support of the Internet Archive's Motion for Summary Judgment. *See* ECF No. 97. Internet Archive has consented to the filing of this brief. Hachette et al. has not consented to the filing of this brief.

### LEGAL STANDARD

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, No. 11-cv-6746-RJH, 2011 U.S. Dist. LEXIS

1

135391 *2 (S.D.N.Y. Nov. 22, 2011) (quotations omitted). "The court is most likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 U.S. Dist. LEXIS 59108, at *7 (E.D.N.Y. Aug. 13, 2007).

## INTEREST OF AMICI CURIAE AND ARGUMENT

As detailed in the accompanying brief, amici are organizations dedicated to libraries, access, and the public interest. Library Futures Institute ("LFI") is a non-profit grassroots organization and one of the leading digital library policy and advocacy organizations in the United States. The EveryLibrary Institute ("ELI") is a public policy and tax policy research and training organization focusing on issues affecting the future of public, academic, and school libraries and the profession of librarianship in the United States and abroad. ReadersFirst is a non-profit organization of nearly 300 libraries representing 200 million readers dedicated to ensuring access to free and easy-to-use eBook content.

Based on amici's broad knowledge and expertise in the library world, amici are able to provide information that is important to the Court's consideration of how this litigation will affect the ability of libraries to continue to provide open, non-discriminatory access to books and other materials for their readers.

The amici have a unique perspective on the issues presented in the case, especially since they have: (1) knowledge of how a modern digital library loaning system works, (2) insight into the use and adoption of digital library loaning, and (3) researched, developed, and published papers and policies advocating for continuing the library's mission in the modern digital era. Its points are not duplicative of those the parties have presented, and can be of significant assistance to the Court.

Amici submit this brief to urge this Court to uphold the reasonable library digital loaning practice known as Controlled Digital Lending (CDL).[1] CDL uses technology to effectuate a library's customary mission to acquire, preserve, and provide community access to books for library patrons. Simply put, CDL is a different way of utilizing the centuries-old method by which libraries have loaned the books on their shelves for the public to read.

Library lending is enshrined in the Copyright Act, and libraries allow broad access to information by lending materials without restriction to the public. Amici support digital lending programs like CDL that use technology to mirror the library's right to loan legally acquired, purchased, or donated books under controlled conditions while respecting copyright. CDL has not only been broadly embraced and utilized by the library community, to the benefit of their readers, but also by software vendors, non-profit organizations, and grant-funding agencies.

Libraries must continue to disseminate knowledge to the public by loaning books where their patrons go to access information: online. As technology evolves, libraries continually adapt their services to provide access in innovative ways to better serve their patrons. Each time libraries embrace access-expanding innovations, the courts have repeatedly acknowledged how these practices benefit the public despite publishers' objections.

Amici have a strong and direct interest in this litigation. Specifically, amici recognize the importance in maintaining libraries' deep-rooted history supporting the public's access to books. Libraries have long endeavored to find innovative ways to more efficiently provide access to information, and they have always been well within their right to do so—copyright does not impose

---

[1] One of the parties to this brief, Kyle K. Courtney, is a co-author of the original paper outlining and defining the CDL method. *See* Courtney, Kyle K. and David R. Hansen, *A White Paper on Controlled Digital Lending of Library Books* (2018) available at https://dash.harvard.edu/handle/1/42664235.

3

an upper limit on how efficient or innovative libraries can become. CDL is the next chapter of upholding innovation.

For these reasons, and those set forth more fully in the proposed amicus brief, Library Futures Institute, EveryLibrary Institute, and ReadersFirst respectfully request leave from this Court to file the accompanying brief.

Dated: July 14, 2022

Respectfully submitted,

/s/ Yuliya M. Ziskina
Yuliya M. Ziskina
Kyle K. Courtney
Library Futures Institute
319 Main Street
Biddeford, ME 04005
(206) 819-1015
juliya@libraryfutures.net

*Counsel for Amici Curiae*