UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive,<br><br>*Defendants*. | Case No. 1:20-CV-04160-JGK |

*[Handwritten: Application of file amicus brief granted. So ordered. [signature] /USDJ 8/13/22]*

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., AND PENGUIN RANDOM HOUSE LLC'S MOTION FOR SUMMARY JUDGMENT**

The Copyright Alliance respectfully moves this Court for leave to file the proposed accompanying brief as *amicus curiae* in support of the Plaintiffs Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., and Penguin Random House LLC's ("Plaintiffs") Motion for Summary Judgment. *See* Dkt. No. 87. Plaintiffs have consented to the filing of this brief. Defendant Internet Archive has not objected to the Copyright Alliance's request for consent to file.

It is well established that "District Courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (citations); *see United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to

provide." *Auto. Club of New York*, 2011 WL 5865296, at *2 (citations and quotations omitted). "[T]he court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citations and quotations omitted).

## INTEREST OF AMICUS CURIAE AND ARGUMENT

The Copyright Alliance is dedicated to promoting and protecting the ability of creative professionals to earn a living from their creativity. It is a nonprofit, nonpartisan 501(c)(4) public interest and educational organization and represents the copyright interests of over 2 million individual creators and over 15,000 organizations across the entire spectrum of creative industries, including authors, songwriters, musical composers and recording artists, graphic and visual artists, photographers, journalists, documentarians, screen, television and filmmakers, and software developers. The Copyright Alliance's membership encompasses these individual creators and innovators, creative union workers, and small businesses in the creative industry, as well as the organizations and corporations that support and invest in them. The livelihoods of this diverse array of creators and companies depend on the exclusive rights guaranteed by copyright law.

The Copyright Alliance's members rely heavily on copyright law to protect and commercialize their works, which in turn incentivizes the creation of new works and promotes the progress of the arts. The Copyright Alliance and its members have a strong interest in the proper application of copyright law, including with respect to Defendant Internet Archive's practice of digitizing and distributing entire published books to the public for free and without authorization. While the Internet Archive's infringing activity is already harming existing markets for books, if the practice expands to other copyrighted works, such as music, film, television, video games, and the visual arts, it would cause widespread harm to all creative professionals and undermine the

very purpose of copyright.

The Copyright Alliance submits this amicus brief in support of Plaintiffs' Motion for Summary Judgment, see Dkt. No. 87, and to address the broad-reaching legal and practical consequences of the Internet Archive's so-called "Controlled Digital Lending"[1] on creators and owners of copyrighted works. The Internet Archive's activity threatens not only books, the publishing industry, and the livelihoods of authors and book publishers, but all other types of copyrighted works, creative professionals, and creative industries. Permitting the Internet Archive to scan and distribute large collections of digitized versions of copyrighted works to any user anywhere for free would undermine existing licensing markets and strip creators and copyright owners of their statutory rights to commercialize and control their works.

The Copyright Alliance also submits this brief to raise policy reasons that dictate a rejection of the manufactured expansion of copyright law that the Internet Archive advances in defense of its unauthorized reproduction, display, and distribution of full versions of copyright protected works.

## CONCLUSION

For all reasons, and those set forth more fully in the proposed amicus brief, Copyright Alliance respectfully requests leave from this Court to file the accompanying brief.

---

[1] While the Internet Archive purports to replace one physical copy with a digital copy under what it calls Controlled Digital Lending, the lending is not in fact controlled. The Internet Archive admits that it permitted unrestricted distribution of works during the pandemic and is amassing large quantities of books in order to digitize multiple copies of works that are in copyright and commercially available by publishers and authors. See Plaintiff's Complaint ("Cmpl.") at 4–5.

3

Dated: August 12, 2022                                  Respectfully submitted,

/s/ Nancy Wolff
Nancy E. Wolff
Alexander Gigante
Elizabeth Safran
COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
agigante@cdas.com
esafran@cdas.com

*Counsel for Amicus Curiae*

4

## CERTIFICATE OF SERVICE

I, Nancy E. Wolff, hereby certify that a true and correct complete copy of the foregoing Motion for Leave to File Brief of Amicus Curiae in Support of Plaintiffs Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., and Penguin Random House LLC's Motion for Summary Judgment has been served on all counsel of record via the Court's CM/ECF service.

/s/ Nancy E. Wolff
Nancy E. Wolff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive,<br><br>*Defendants*. | Case No. 1:20-CV-04160-JGK |

## NOTICE OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

PLEASE TAKE NOTICE that upon the accompanying Motion for Leave to File *Amicus Curiae* Brief, proposed *amicus curiae* the Copyright Alliance shall move this Court, before the Honorable John G. Koeltl, United States District Judge, at a date and time to be determined by the Court, for leave to file the accompanying proposed *Amicus Curiae* Brief in Support of Plaintiffs' Motion for Summary Judgment and in opposition to Defendant Internet Archive's Motion for Summary Judgment.

Dated: August 12, 2022

Respectfully submitted,

/s/ Nancy Wolff
Nancy E. Wolff
Alexander Gigante
Elizabeth Safran
COWAN, DeBAETS, ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
agigante@cdas.com
esafran@cdas.com

*Counsel for Amicus Curiae*