# SUPPLEMENTAL McNAMARA DECLARATION

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET ARCHIVE and DOES 1 through 5, inclusive<br><br>Defendants. | Case No. 1:20-CV-04160-JGK |

**DEFENDANT INTERNET ARCHIVE'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

CONFIDENTIAL

## INTERROGATORY NO. 21:

Do you contend that Plaintiffs' claims are barred in whole or in part by the fair use doctrine and, if so, please state the basis for that contention.

## RESPONSE TO INTERROGATORY NO. 21:

In addition to its General Objections, the Internet Archive objects to this Interrogatory as vague and ambiguous, specifically with regard to the terms "Plaintiffs' claims."  The Internet Archive understands Plaintiffs' claims to arise out of the digital lending features applied to the Internet Archive's inlibrary collection with respect to the Works identified in Exhibit A to Plaintiffs' Complaint, and provides this Response based on that understanding.  The Internet Archive objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to and without waiving the foregoing General and Specific Objections, the Internet Archive responds as follows:

The Internet Archive contends that Plaintiffs' claims are barred by the fair use doctrine. Specifically:

With respect to the first fair use factor under 17 U.S.C. § 107, the purpose and character of use, the purpose and character of the use here favors fair use, for reasons including:

- That the digital lending is not commercial in nature favors fair use;

- That the digital lending supports teaching, research and scholarship favors fair use;

- That the digital lending is performed using a scan created from a copy owned by a participating library, including Internet Archive or Open Library of Richmond, favors fair use;

- That the copy that was scanned was lawfully made favors fair use;

- That the digital lending uses technology that is effective in preventing patrons from making or distributing copies of the borrowed material favors fair use;

- That the digital lending utilizes technology to improve the efficiency of delivering content, by delivering it in a more convenient and usable form to one who has an entitlement to receive the content, without unreasonably encroaching on the commercial entitlements of the rights holder, makes the use transformative and favors fair use;

- With respect to controlled digital lending ("CDL"), that the digital lending is performed on a one-to-one, owned-to-loaned basis with copies owned by Open Library of Richmond or other participating libraries favors fair use;

- With respect to controlled digital lending ("CDL"), that the digital lending is performed on a one-to-one, owned-to-loaned basis with non-circulating physical copies favors fair use;

- With respect to the National Emergency Library program ("NEL"), that the digital lending was performed on a one-to-one owned to loaned basis with copies owned by libraries whose physical collections were at that time unavailable to patrons (due to physical facility closures necessitated by the COVID-19 pandemic and

resulting public health emergency) favors fair use; and

- With respect to the National Emergency Library program ("NEL"), that the digital lending occurred for a brief and defined period during a public health emergency that affected safe access to physical books favors fair use.

With respect to the second fair use factor under 17 U.S.C. § 107, the nature of the copyrighted work, that factor here favors fair use, for reasons including:

- That the digital lending is performed with respect to material of which copies have been published and sold to the public for several years, those copies now owned by non-profit libraries, favors fair use.

With respect to the third factor under 17 U.S.C. § 107, the amount and substantiality of the portion used in relation to the copyrighted work as a whole, that factor here favors fair use, for the reasons including:

- That the amount used is necessary to accomplish the favored purposes of the digital lending favors fair use;

- That the digital lending is performed only with respect to material appearing in copies owned by a participating library, including Internet Archive or Open Library of Richmond, favors fair use; and

- Where only a small portion of a work is consulted by a particular user in connection with a particular digital loan, that favors fair use.

With respect to the fourth factor under 17 U.S.C. § 107, the effect of the use upon the potential market for or value of the copyrighted work, that factor here favors fair use, for reasons including:

- That the digital lending has a similar effect on the market for or value of the

CONFIDENTIAL

copyrighted work as physical lending favors fair use;

- That the digital lending has no negative effect on sales or licenses of the copyrighted works favors fair use;

- That the digital lending has public benefits favors fair use.  For example, digital lending of books is more convenient for some members of the public than physically lending those same books owned by libraries;

- That the public benefits relate to copyright's concern for the creative production of new expression favors fair use; and

- That the public benefits are comparatively important when compared with any dollar amounts lost by the plaintiffs, taking into account as well the nature of the source of the loss, favors fair use.

That copyright law's goal of promoting the progress of science and useful arts would be better served by allowing the use than preventing it favors fair use.

The Internet Archive's investigation is ongoing.  To the extent necessary, the Internet Archive will amend or supplement this Response as discovery continues.

**INTERROGATORY NO. 22:**



**RESPONSE TO INTERROGATORY NO. 22:**

Archive will amend or supplement this Response as discovery continues.


Dated:  December 24, 2021                    AS TO OBJECTIONS
                                             DURIE TANGRI LLP

                                  By:_____
                                        JOSEPH C. GRATZ (                )
                                        JESSICA E. LANIER (               )
                                        ADITYA V. KAMDAR (                )
                                        217 Leidesdorff Street
                                        San Francisco, CA 94111
                                        (415) 362-6666
                                        jgratz@durietangri.com
                                        jlanier@durietangri.com
                                        akamdar@durietangri.com

                                        ALLYSON R. BENNETT (              )
                                        MOON HEE LEE (                )
                                        953 East 3rd Street
                                        Los Angeles, CA 90013
                                        (213) 992-4499
                                        abennett@durietangri.com
                                        mlee@durietangri.com

                                        ELECTRONIC FRONTIER FOUNDATION
                                        CORYNNE MCSHERRY (             )
                                        KIT WALSH (             )
                                        CARA GAGLIANO (               )
                                        815 Eddy Street
                                        San Francisco, CA 94109
                                        (415) 436-9333
                                        corynne@eff.org
                                        kit@eff.org
                                        cara@eff.org


                                        INTERNET ARCHIVE

## PROOF OF SERVICE

I am employed in Los Angeles County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action.  My business address is 953 East 3rd Street, Los Angeles, CA 90013.

On December 24, 2021, I served the following documents in the manner described below:

**DEFENDANT INTERNET ARCHIVE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

☑   BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from mlee@durietangri.com to the email addresses set forth below.

On the following part(ies) in this action:

Elizabeth A. McNamara
Linda Steinman
John M. Browning
Jesse Feitel
Carl Mazurek
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
lizmcnamara@dwt.com
lindasteinman@dwt.com
jackbrowning@dwt.com
jessefeitel@dwt.com
carlmazurek@dwt.com

Attorneys for Plaintiffs
HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC

Mathew J. Oppenheim
Scott A. Zebrak (pro hac vice)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016

28

matt@oandzlaw.com
scott@oandzlaw.com

Attorneys for Plaintiffs
HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS LLC,
JOHN WILEY & SONS, INC., and PENGUIN RANDOM HOUSE LLC

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on December 24, 2021, at Los Angeles, California.

_____

Moon Hee Lee