

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
(212) 489-8230 tel
(212) 489-8340 fax

lizmcnamara@dwt.com

August 11, 2023

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Hachette Book Group, Inc., et al. v. Internet Archive, et al.*, 20-cv-04160-JGK

Dear Judge Koeltl:

      We write jointly on behalf of the Plaintiffs and Defendant in response to the Court's March 24, 2023 Order, *Hachette Book Grp., Inc. v. Internet Archive*, --- F. Supp. 3d ----, 2023 WL 2623787 (S.D.N.Y. Mar. 24, 2023) (the "Order"), requiring the parties to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case. The parties have worked together in a collaborative fashion and hereby submit to the Court for its "so-ordering" a proposed "Consent Judgment Subject to Appeal" containing an injunction and declaratory relief.   See Exhibit A hereto.  The parties have mutually agreed on all provisions of this document except on one issue described in the attached letters (see Exhibits B and C hereto), which they have agreed to submit to the Court for adjudication.  The parties also have entered into a confidential "Agreement Regarding Stipulated Monetary Judgment Payment" conditioned on the Internet Archive's right of appeal, which avoids the need for further litigation regarding damages, fees, or costs.

      As you will see from the attached letters, Paragraph E of the proposed "Consent Judgment Subject to Appeal" contains a mutually agreed "Permanent Injunction" conditioned on Internet Archive's right of appeal enjoining the Internet Archive Parties from distributing the "Covered Books" in, from or to the United States electronically, among other provisions.  The term "Covered Book" is defined in Paragraph E.1.  Although the parties agree on most aspects of the definition, there is one issue on which they seek the Court's ruling.  Plaintiffs want the definition of Covered Books to include books that are commercially available <u>in any format</u>, whereas the Internet Archive wants the definition of Covered Books to include only books that are commercially available <u>in any electronic text format.</u>  For the Court's convenience, we have highlighted this disputed text in Exhibit A.  The Plaintiffs' position is set forth in Exhibit B hereto, and the Internet Archive's position is set forth in Exhibit C hereto.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. John G. Koeltl
August 11, 2023
Page 2

    We look forward to the Court's resolution of this one open issue and to the entry of the Consent Judgment Subject to Appeal.

                                         Respectfully submitted,

                                         <u>/s/ Elizabeth A. McNamara</u>
                                         Elizabeth A. McNamara
                                         Davis Wright Tremaine LLP
                                         Counsel to Plaintiffs Hachette Book Group, Inc.,
                                         HarperCollins Publishers LLC, John Wiley Sons,
                                         Inc., and Penguin Random House LLC


                                         <u>/s/ Joseph C. Gratz</u>
                                         Joseph C. Gratz
                                         Morrison & Foerster LLP
                                         Counsel to Defendant Internet Archive