# EXHIBIT C

**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 11, 2023

Writer's Direct Contact
+1 (415) 268-6066
JGratz@mofo.com

**VIA ECF**

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

Re:   *Hachette Book Group, Inc., et al. v. Internet Archive,* Case No. 1:20-CV-04160-JGK

Your Honor:

The Internet Archive has worked cooperatively with Plaintiffs to craft an agreed form of permanent injunction, subject to the Internet Archive's right to appeal this Court's liability determination. The parties reached agreement on all of the terms of the injunction but one: the question whether the injunction should apply to all in-print books, or whether its scope should be limited to books that, like the 127 Works in Suit, are available for electronic licensing. Because an injunction should be narrowly tailored to the issues addressed in the case, and this case involved only books available for electronic licensing, injunctive relief here should likewise be limited to books available for electronic licensing.

An injunction covering all in-print books would go well "beyond the scope of the issues tried in the case," *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 299 (2d Cir. 1999). That limitation follows from black-letter principles of remedies. It is well-established, for instance, that "injunctive relief should be narrowly tailored to fit specific legal violations," *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994), and that "the scope of the injunction must be drawn by reference to the facts of the individual case," *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 26 (2d Cir. 2004). An injunction is therefore "overbroad when it seeks to restrain defendants from engaging in legal conduct, or from engaging in illegal conduct that was not fairly the subject of litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 245 (2d Cir. 2011).

The Second Circuit has accordingly vacated injunctions "that have gone beyond the scope of the issues tried in the case." *Starter Corp.*, 170 F.3d at 299. In *Starter*, for instance, the Second Circuit vacated an injunction in a trademark infringement suit that prohibited the defendant from using its marks "either alone or in combination with any other words or

MORRISON FOERSTER

The Honorable John G. Koeltl
August 11, 2023
Page Two

designs" on any kind of "footwear" as overbroad. *Id*. at 300. The Court explained that the injunction was "overly broad" because "[t]he jury's findings went only to the use of the Starter Star marks when used alone" not to "the use of the marks in combination with other designs" and were specific to "athletic footwear" not all footwear. *Id*.

This case involved only works that the Publishers make available as ebooks and so the scope of any injunction should be limited accordingly. As this Court noted, "[a]ll of the Works in Suit are available as authorized ebooks that may be purchased by retail customers or licensed to libraries." Opinion & Order ("Op.") at 10. That fact was relevant to the Court's fair-use analysis. In analyzing the fourth fair-use factor, for instance, this Court emphasized that "[t]here is a thriving ebook licensing market for libraries" and concluded that Internet Archive "supplants the Publishers' place in this market" because it "brings to the marketplace a competing substitute for library ebook editions of the Works in Suit." Op. at 39 (internal quotation marks omitted). That would not be true for works that the Publishers do not make available as ebooks—none of which were litigated in this suit. And because "each [of the fair-use factors] must be considered in a 'case-by-case analysis,' with the results 'weighed together[] in light of the purposes of copyright,'" (Op. at 15) the fair-use analysis for such dissimilar works would be different.

Indeed, while the issue was not presented in this case because all of the Works in Suit were available for electronic licensing to libraries, other courts have held that the unavailability of digital library licensing of particular works weighs in favor of fair use under the fourth fair use factor as to those works. *See, e.g.*, *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1279 (11th Cir. 2014) (affirming the holding that the fourth factor favored fair use as to particular works for which "there was no evidence in the record to show that a license for digital excerpts was available—as was the case for seventeen works published by Oxford and Cambridge"). Because the parties did not have the opportunity in this case to litigate the degree to which the unavailability of digital library licensing would affect the fair use analysis, it is inappropriate for an injunction in this case, by its breadth, to effectively prejudge the outcome of that question.

This Court should thus "narrowly tailor[]" its injunctive relief to "fit [the] specific legal violations" it found (*Waldman Pub. Corp.*, 43 F.3d at 785) by at least limiting its injunction to copyrighted works—like the Works in Suit—that are available from the Publishers in electronic form.

**MORRISON FOERSTER**

The Honorable John G. Koeltl
August 11, 2023
Page Three


Respectfully submitted,

  MORRISON & FOERSTER LLP

*/s/ Joseph C. Gratz*
Joseph C. Gratz *(Pro Hac Vice)*
Allyson R. Bennett *(Pro Hac Vice)*
Aditya V. Kamdar *(Pro Hac Vice)*
Annie A. Lee *(Pro Hac Vice)*
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
Email: JGratz@mofo.com
      ABennett@mofo.com
      AKamdar@mofo.com
      AnnieLee@mofo.com


ELECTRONIC FRONTIER
FOUNDATION

Corynne McSherry (*Pro Hac Vice*)
Kit Walsh (*Pro Hac Vice*)
Cara Gagliano (*Pro Hac Vice*)
815 Eddy Street
San Francisco, CA 94109
Phone: (415) 436-9333
Email: corynne@eff.org
      kit@eff.org
      cara@eff.org

*Attorneys for Defendant*


cc:    All Counsel (via ECF)