UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HACHETTE BOOK GROUP, INC.,
ET AL.,                                   20-cv-4160 (JGK)

           Plaintiffs,           ORDER

- against -

INTERNET ARCHIVE, ET AL.,

           Defendants.

---

JOHN G. KOELTL, District Judge:

    The Court has entered the parties' Consent Judgment Subject to Appeal (the "Consent Judgment"). See ECF No. 214-1. The parties' one disagreement with respect to the Consent Judgment is whether "Covered Books," as defined in Paragraph E.1, should include books that are commercially available "in any format" (as the Publishers argue, ECF No. 214-2) or only those commercially available "in any electronic text format" (as Internet Archive argues, ECF No. 214-3). Under the Publishers' proposal, the Consent Judgment would prohibit Internet Archive from distributing unauthorized reproductions of any of the Publishers' print books, including those that the Publishers have chosen not to publish as ebooks. Under Internet Archive's proposal, the Consent Judgment would prohibit Internet Archive only from distributing unauthorized reproductions of the Publishers' print books that, like the 127 Works in Suit, are also available for electronic licensing. The Court adopts the Internet Archive's

position. For the following reasons, the Consent Judgment defines "Covered Book" to extend to books that are "commercially available for sale or license in any electronic text format."[1]

"Injunctive relief should be narrowly tailored to fit specific legal violations," Waldman Pub. Corp. v. Landoll, Inc., 43 F.3d 775, 785 (2d Cir. 1994), and an injunction should not go "beyond the scope of the issues tried in the case," Starter Corp. v. Converse, Inc., 170 F.3d 286, 300 (2d Cir. 1999). This action concerned the unauthorized distribution of a select number of Works in Suit, all of which were "available as authorized ebooks that may be purchased by retail customers or licensed to libraries." Hachette Book Grp., Inc. v. Internet Archive, -- F. Supp. 3d --, 2023 WL 2623787, at *4 (S.D.N.Y. Mar. 24, 2023). That fact was relevant to the Court's conclusion that Internet Archive was liable for copyright infringement. In particular, the Court's fourth-factor analysis emphasized the "thriving ebook licensing market for libraries" and concluded that Internet Archive "supplants the Publishers' place in this market" by

---

[1] All defined words in this Order bear the definitions given to them in Hachette Book Group, Inc. v. Internet Archive, -- F. Supp. 3d --, 2023 WL 2623787 (S.D.N.Y. Mar. 24, 2023). Unless otherwise noted, this Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

2

"bring[ing] to the marketplace a competing substitute for library ebook editions of the Works in Suit." Id. at *13.

Given this, an injunction covering all in-print books, including those the Publishers have not made available for electronic licensing, risks going "beyond the scope of the issues tried in the case." Starter Corp., 170 F.3d at 300. Fair-use inquiries require a "case-by-case analysis," with the results "weighed together[] in light of the purposes of copyright." Fox News Network, LLC v. TVEyes, Inc., 883 F.3d 169, 176 (2d Cir. 2018). Because all the Works in Suit were available in authorized ebook editions, the parties did not brief, and the Court did not decide, whether the unavailability of digital library licensing would affect the fair-use analysis. Internet Archive suggests this distinction could make a difference. ECF No. 214-3 at 3 (citing Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1279 (11th Cir. 2014) (affirming district court's conclusion that fourth factor favored fair use where "there was no evidence in the record to show that a license for digital excerpts was available")). The Publishers argue that the result would be the same even for works without an authorized licensing market because, in analyzing market harm, copyright law must respect a rightsholder's "creative and economic choice" not to "exploit [a] market for derivative works." ECF No. 214-2 at 3 (quoting Castle

3

Rock Ent., Inc. v. Carol Publ'g Grp., Inc., 150 F.3d 132, 145-46 (2d Cir. 1998)). What matters here, however, is that this case did not concern copyrighted works that are not yet available in electronic form and the parties therefore did not brief the legal issues related to such works. Accordingly, the Court has narrowly tailored the injunctive relief in this case to cover only copyrighted works, like the Works in Suit, that are available from the Publishers in electronic form.

SO ORDERED.

Dated:   New York, New York
         August 11, 2023

_____
John G. Koeltl
United States District Judge